UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EMILE WESTMORELAND,

                              PLAINTIFF,                  **COMPLAINT**

                -AGAINST-                              19-CV-3567

NEW YORK CITY, POLICE OFFICER DANIEL
SCALCIONE, and POLICE OFFICER RICHARD
ERNYEY, individually, and in their capacity as members
of New York City Police Department

                              DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff, Mr. Emile Westmoreland ("Mr. Westmoreland"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about December 27, 2018, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Westmoreland to, *inter alia*, false arrest, denial of right to a fair trial, and the use of excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Westmoreland, is a citizen of the United States and at all times here relevant resided at 118-44 Guy R. Brewer Boulevard, Jamaica, Queens, NY 11434.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Daniel Scalcione ("PO Scalcione") and Police Officer Richard Ernyey ("PO Ernyey") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacity.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Westmoreland is 41 years old and works as a carpenter.

11. On or about December 27, 2018, at approximately 7:30 pm, Mr. Westmoreland was at home with his family.

12. Mr. Westmoreland heard a disturbance outside his home and went to see what was happening.

13. PO Scalcione and PO Ernyey were on the street talking to Mr. Westmoreland's mother.

14. PO Scalcione and PO Ernyey told Mr. Westmoreland, in sum and substance, that they were going to give Mr. Westmoreland's nephew, Clinton Westmoreland ("Clinton"), a ticket for leaving his car running while it was parked on the street.

15. Clinton then went to speak to PO Scalcione and PO Ernyey.

16. Without justification, PO Ernyey suddenly lunged at Clinton.

17. Mr. Westmoreland moved his hand up to protect Clinton.

18. PO Scalcione then hit Mr. Westmoreland with his police radio in the side of Mr. Westmoreland's head.

19. Mr. Westmoreland was knocked unconscious by the blow.

20. PO Scalcione then grabbed Mr. Westmoreland around the head.

21. Mr. Westmoreland was handcuffed behind his back and transported to the 113th Precinct.

22. Mr. Westmoreland was held at the precinct until approximately 2:30 am.

23. Mr. Westmoreland was then transported to Central Bookings, where he was held until approximately 3:00 pm the next day.

24. Mr. Westmoreland was charged with Obstruction of Governmental Administration, Resisting Arrest, and Attempted Assault.

25. In the Criminal Court Complaint, PO Scalcione falsely stated that Mr. Westmoreland "was pulling on the back of his jacket as he was attempting to place Clinton

Westmoreland under arrest" and that Mr. Westmoreland "attempted to punch PO Ernyey with a closed fist to his body."

26. On or about March 7, 2019, Mr. Westmoreland was granted an Adjournment in Contemplation of Dismissal.

27. Mr. Westmoreland continues to suffer physically and emotionally from the events of December 27, 2018, including fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty and physical pain.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Use of Force)

28. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

29. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

30. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force against Plaintiff.

31. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

## SECOND CAUSE OF ACTION

(42 USC 1983 – False Arrest)

32. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

33. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

34. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

35. Defendants confined Plaintiff.

36. Plaintiff was aware of, and did not consent to, his confinement.

37. The confinement was not privileged.

38. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

## THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

39. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

40. Defendant have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

41. Defendants have deprived Plaintiff of his right to a fair trial, pursuant to the Fourteenth and Sixth Amendments to the United States Constitution.

42. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

43. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this court for each of Plaintiff's causes of action;
>
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         June 17, 2019

By:       /s/
Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075